REQUESTED BY: Senator Jerome Warner Senator David Landis Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senators:
This is in response to your letters of March 11 and March 12 concerning agricultural land valuation. Your letters essentially deal with the same issue and you both indicate that one response would be adequate. For that reason we have consolidated your opinion requests within the following response.
The basic issue is the effect of the recently enacted constitutional Amendment 4 concerning agricultural land values, upon the existing greenbelt provisions of the Constitution. Both provisions are found in Article VIII, Section 1, of the Constitution which provides initially that, `Taxes shall be levied by valuation uniformly and proportionately upon all tangible property and franchises, . . .' Amendment 4 was intended to provide an exemption from this uniform valuation requirement to allow agricultural land to be valued in a different manner than other types of property. It provides as follows, `The Legislature may provide that agricultural land and horticultural land used solely for agricultural or horticultural purposes shall constitute a separate and distinct class of property for purposes of taxation.' Likewise, the so-called greenbelt provision was also intended to be an exemption from the uniformity requirement. It provides as follows:
 The Legislature may enact laws to provide that the value of land actively devoted to agricultural or horticultural use shall, for property tax purposes, be that value which such land has for agricultural or horticultural use without regard to any value which such land might have for other purposes or uses, and prescribe standards and methods for the determination of the value of real or other tangible property at uniform and proportionate values.
Senator Warner's understanding of these two provisions is essentially correct. Each provision was intended to address a completely different issue and thus each has a separate purpose and effect. The greenbelt provision deals with the problem of land which is being used for agricultural production, but which has a much higher value than land used solely for agricultural production because of its proximity to urban development. In essence, it could be considered that such land is actually vacant residential or commercial property. The principle of the highest and the best use would thus have required this land to be valued at the higher level of value due to its status as undeveloped urban land, rather than any lesser value it might otherwise have solely for agricultural purposes. The purpose of the greenbelt provision was not only to allow preferential tax treatment for this particular agricultural land, but to promote the conservation of agricultural land and the orderly and controlled growth of urban areas. This was in turn accomplished through the passage of the greenbelt laws, Neb.Rev.Stat. § 77-1343, et seq. (Reissue 1981) which not only allow such land to be valued solely on the basis of its value for agricultural use, but also contains a recapture provision which comes into play when the land is subsequently developed. In such a case the taxes which would otherwise have been assessed upon the land if it had been valued at its highest and best use would then be required to be paid by the landowner.
Amendment 4, on the other hand, was intended solely to provide a separate basis for valuing agricultural land different than that used for all other types of property. By itself, it has no impact on land which, while it may be presently being used for agricultural production, also has a much higher value due to its status as undeveloped urban commercial or residential property. Consequently, the two provisions are separate and distinct and both can be given meaning without one repealing or otherwise diminishing the effect of the other.
In response to the more specific questions of Senator Landis, Amendment 4 does not render Neb.Rev.Stat. § 77-1348
unconstitutional. Likewise, the present greenbelt laws when placed into effect by the actions of local governments can require the owners of agricultural land, which would otherwise have a higher value because of its potential for urban development, to apply for a special assessment in order to allow the land to be treated solely as agricultural land. Such landowners would thus not automatically be eligible for any preferential tax treatment they might otherwise be accorded under the legislation implementing Amendment 4, because the land nevertheless has another and higher use than as agricultural land. Landowners currently receiving special assessments under the existing greenbelt provisions would therefore continue to be subject to the recapture provisions of these laws upon a change in use. The Legislature thus can define agricultural land for purposes of Amendment 4, to exclude land having a higher and better use, and subsequently a higher value, than it would as agricultural land, unless the landowner seeks the relief afforded under the greenbelt provisions.
Finally, since both provisions are specific exemptions from the uniformity requirements of Article VIII, Section 1, of the Constitution, and each provision addresses a separate and distinct issue, there are no real issues of non-uniform treatment of agricultural land. This would be true, even though some counties may not have implemented the greenbelt provisions. In this regard, it must be remembered that when the land is accorded its highest and best value, it is no longer being valued as agricultural land but in effect as a different class of land. This would also be true for agricultural land which was never subject to the greenbelt special assessment options, and which in turn is later developed and is thus not subject to the recapture provisions as would be similar agricultural land that was subject to the greenbelt laws. This is merely a reflection of the fact that at the time the land in question was valued it presumably had only one apparent use, as agricultural land, and not as urban commercial or residential property. This would not be true of agricultural land which was adjacent to a developing urban area and clearly had a separate and distinct use and value other than as agricultural land. The issue simply does not involve non-uniform treatment of agricultural land because we are actually dealing with two separate classes of land, only one of which is truly agricultural land.
We trust that this response adequately addresses all of the questions contained in your requests.
Sincerely,
ROBERT M. SPIRE Attorney General
John Boehm Assistant Attorney General